BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone: 212-885-5585
Fax: 212-886-8963
Email: adam.landy@blankrome.com

**BY ECF**

Hon. Eric R. Komitee
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

May 5, 2025

**Re:** ***Nick Tinkle, et al. v. JECTNYC, LLC,***
**Case No. 1:25-cv-01238 (EK) (JRC)**

Dear Judge Komitee:

This firm represents Defendant JECTNYC, LLC ("JECT") in the above-referenced matter. In accordance with Section III.B of Your Honor's Individual Rules and Practices, we respectfully submit this pre-motion letter to inform the Court of JECT's intention to file a motion to dismiss the class action complaint ("Complaint") (ECF No. 1) filed by Plaintiff Nick Tinkle ("Plaintiff"), under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1]

The essence of Plaintiff's allegations is that JECT – which provides cosmetic treatments – violated Title I of the Electronic Communications Privacy Act (ECPA), known as the Wiretap Act (18 U.S.C. § 2510 *et seq.*), by using third-party website tracking and analytics technologies to intercept Plaintiff's appointment information made online with JECT. The Complaint further contends that JECT's use of these technologies breaches the Health Insurance Portability and Accountability Act (HIPAA) (42 U.S.C. § 1320d-6(a)(3)), asserting that this alleged HIPAA violation nullifies JECT's consent to the claimed interception of communications. As set forth in more detail below, the Complaint should be dismissed in its entirety for the following reasons:

[1] As per Section III.B.5 of Your Honor's Individual Rules and Practices, this letter serves as timely notice of JECT's forthcoming motion to dismiss. It is submitted within the Rule 12 timeframe, which was extended by Magistrate Judge James R. Cho on March 17, 2025, to May 5, 2025. This extension was granted in response to JECT's motion (ECF No. 7), dated March 13, 2025, to accommodate its response to the Complaint.

***First***, Plaintiff has failed to plead a concrete harm sufficient to establish standing under Article III. Plaintiff claims a privacy interest in online appointment information allegedly protected by HIPAA and shared with Meta and Google. However, JECT is not a HIPAA-covered entity, and therefore, any booking information at issue does not create a protectable interest under that law. Without this, Plaintiff merely alleges the unlawful sharing of online browsing information, which New York district courts have consistently held does not amount to concrete harm. See, *e.g., Gabrielli v. Insider, Inc.*, No. 24-cv-01566 (ER), 2025 WL 522515, at *3 (S.D.N.Y. Feb. 18, 2025) (finding that the collection of an IP address, which neither personally identifies an individual nor reveals private content, does not establish a protectable privacy interest).

***Second***, Plaintiff's ECPA claim is time-barred. The Complaint lacks specificity regarding the timing of the alleged interception(s)—information that was readily available to Plaintiff—and thus fails to assert a claim within the ECPA's two-year statute of limitations. See *J.C. v. Catholic Health System Inc.*, No. 1:23-cv-00796 (JLS) (JJM), 2024 WL 5136236, at *9 (W.D.N.Y. Aug. 29, 2024) (holding that the statute of limitations begins to run *immediately* on Wiretap Act claims alleging interception).

***Third***, the Wiretap Act explicitly precludes secondary liability. JECT cannot be held liable for Meta or Google's alleged interception of Plaintiff's communications with JECT. See *Weindorf v. Netscape Communs. Corp.*, 173 F. App'x 44, 45 (2d Cir. 2006) (observing that the Wiretap Act "only provides that plaintiffs may recover such relief from an entity that 'engaged in that violation,' i.e., a [direct] violator [of § 2520]"); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 132, 148 (D. Conn. 2014), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) (clarifying that the Wiretap Act does not create a cause of action for aiding and abetting liability).

***Fourth***, both JECT and Plaintiff consented to the alleged interception. JECT, as a party to the communication, consented to any purported interception. See *In re DoubleClick Inc. Priv.*

*Litig.*, 154 F. Supp. 2d 497, 514 (S.D.N.Y. 2001) (noting that consent can be explicit or implied, and the Wiretap Act is not violated when one party consents to the interception). Plaintiff also consented, as JECT maintained a cookie banner during the class period, providing consumers with clear notice of the use of website cookies.

***Fifth***, the crime-tort exception does not invalidate JECT's consent because the alleged HIPAA violation is not distinct from the Wiretap Act violation. See *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010) (holding that the crime-tort exception applies only when the interception itself is used to further a separate criminal or tortious act). Moreover, JECT is not subject to HIPAA and did not employ any tracking technologies *for the purpose* of violating HIPAA, as required by the ECPA.

***Lastly***, there was no contemporaneous interception, as required under the Wiretap Act. The Complaint fails to demonstrate that the alleged interception by Google occurred during transmission, as the data was sent to Google only *after* reaching JECT's servers. See *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 557 (S.D.N.Y. 2008) (noting that the Wiretap Act does not apply when access occurs after the communication has been delivered).

In summary, Plaintiff's claims warrant dismissal in their entirety. JECT respectfully requests that the Court establish a schedule for filing the motion to dismiss. We sincerely appreciate the Court's consideration of this matter.

Respectfully submitted,
**BLANK ROME LLP**

By: */s/ Adam J. Landy*

Adam J. Landy
1271 Avenue of the Americas, Fl. 15
New York, NY 10020
Tel: 212-885-5585
Adam.Landy@BlankRome.com

*/s/ Philip Yannella*

Philip Yannella (*pro hac vice*)
130 North 18th Street
Philadelphia, PA 19103
Tel: 215-569-5506
Philip.Yannella@BlankRome.com

*Attorneys for Defendant JECTNYC, LLC*

cc: All counsel of record (by ECF)