BURSOR & FISHER
P.A.

1330 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
www.bursor.com

ALEC M. LESLIE
Tel: 646.837.7150
Fax: 212.989.9163
aleslie@bursor.com

May 12, 2025

***Via ECF***

Hon. Eric R. Komitee
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Tinkle v. JECTNYC, LLC* ; Case No. 1:25-cv-01238**

Dear Judge Komitee:

I represent Plaintiff Nick Tinkle ("Plaintiff") in the above-captioned matter. I write pursuant to Section III.B of Your Honor's Individual Rules and Practices and in response to Defendant JECTNYC, LLC's ("Defendant" or "JECT") May 5, 2025 letter seeking a pre-motion conference (the "Letter") (Doc. 9). Plaintiff intends to file an amended complaint as of right, and respectfully requests until June 11, 2025, to do so. Notwithstanding Plaintiff's forthcoming amended complaint, Plaintiff briefly responds to the arguments raised in Defendant's Letter.

## I. Factual Background

This is a putative class action brought on behalf of all consumers who scheduled botox injection appointments through Defendant's website, www.jectnyc.com. Complaint ¶ 1 (Doc. 1). Botox treatment is recognized as a medical procedure in New York. *Id.* ¶ 7. This means that such treatment can only be performed by medical professionals. *Id.* The basis for the lawsuit is that, unbeknownst to Plaintiff and members of the putative class, Defendant disclosed confidential medical information to Meta Platforms, Inc. ("Facebook") and Google LLC ("Google") through tracking technologies embedded on Defendant's website. *Id.* ¶ 5. Such disclosures include the specific medical treatment consumers are receiving. *Id.* Defendant never disclosed that it was sharing data related to its patients' medical appointments with third parties. Nor did Plaintiff or members of the putative class consent to such. *Id.*

Plaintiff is a Long Island City resident who, at all relevant times, maintained an active Facebook account when booking appointments on Defendant's website. *Id.* ¶ 6. When booking his appointments, Plaintiff logged into his JECT account and selected the medical procedures he was scheduling appointments for, including wrinkle reducer injections. *Id.* Unbeknownst to Plaintiff, Defendant disclosed this confidential medical information to Facebook and Google through the tracking technologies it embedded on its website, specifically, the Facebook Tracking Pixel and Google Analytics. Neither Defendant nor Facebook nor Google received consent from Plaintiff to track or sell his confidential and protected health data to advertisers. *Id.*

The crux of Defendant's Letter is that, according to Defendant, it has no duty to protect the medical information of its clients. Letter at 1-2. But that is not the law, and Defendant is not entitled to disclose its clients' sensitive medical information without their consent.

Plaintiff and Class members are entitled to privacy in seeking medical treatment. Defendant's system of surreptitiously tracking, recording, and disclosing its patients' confidential communications, personally identifiable information, and protected health information is an egregious invasion of privacy, violates federal law, and a breach of Defendant's duty of confidentiality as a medical provider.

## II. Plaintiff Sufficiently States Each Cause of Action Against JECT

Defendant raises six arguments in its Letter as to why it believes Plaintiff's claims should be dismissed. All are without merit.

*First*, Defendant argues that Plaintiff fails to allege a concrete injury because he does not have a privacy interest in his medical information. That is wrong. "Confidential, health-related information" concerning "the types of medical appointments [Plaintiff and Class members] were seeking treatment for" is squarely protected by HIPAA. Complaint ¶¶ 12-17. Plaintiff further alleges that these parties then monetized this data, including his own, for targeted advertising purposes. *Id.* ¶ 82. Even assuming, *arguendo*, that Defendant is not a HIPAA covered entity, Plaintiff would still maintain a privacy interest over such information, including under the FTC Act. *Id.* ¶¶ 23-24. Defendant's reliance on *Gabrielli v. Insider, Inc.* is misplaced, as Plaintiff here alleges additional PII that was disclosed by Defendant, rather than IP address alone. *See* Complaint ¶¶ 31-33. Courts have overwhelmingly rejected motions to dismiss under similar circumstances. *See Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357, at *7 (S.D.N.Y. July 30, 2024); *Gay v. Garnet Health*, 2024 WL 4203263, at *4 (S.D.N.Y. Sept. 16, 2024); *Kane v. Univ. of Rochester*, 2024 WL 1178340, at *7 (W.D.N.Y. Mar. 19, 2024) ("Plaintiffs have alleged that Defendant configured the Pixel to collect and disclose, among other things, that a specific user booked an appointment with a specific healthcare provider and the search terms that the user entered to find that provider. That information, through the c_user cookie, would be associated with a particular Facebook user, that is, with a person's real-world identity. They have further alleged that Defendant disclosed this information to enhance its marketing efforts. Accordingly, Plaintiffs have plausibly alleged that Defendant's purpose was to commit an act that is punishable as a crime under 42 U.S.C. § 1320d-6: knowingly disclosing IIHI without authorization for marketing purposes.") (internal citations omitted).

*Second*, Plaintiff's ECPA claim is not time-barred, as Plaintiff brought his claim within the two-year statute of limitations period. Complaint ¶ 6. Plaintiff is also entitled to rely on the discovery rule for the appointments he made prior to March 2023. *See Saint-Jean v. Emigrant Mortgage Company*, 129 F.4th 124, 143 (2d Cir. 2025). Defendant fails to elaborate as to how Plaintiff could have reasonably been aware that surreptitious interceptions occurred while he was navigating Defendant's website.

*Third*, Plaintiff does not bring a claim for secondary liability against Defendant. Instead, Plaintiff's claims concern Defendant's use of the tracking technologies to intercept Plaintiff's confidential and protected information and disclose such information to Facebook and Google.

Complaint ¶¶ 5, 81. Such allegations are sufficient to state a claim under the ECPA. *See Cooper*, 2024 WL 3586357, at *7; *Gay*, 2024 WL 4203263, at *4; *Kane*, 2024 WL 1178340, at *7.

*Fourth*, Plaintiff did not consent to Defendant's disclosures of his private and protected information. Complaint. ¶¶ 7, 56, 89. Defendant fails to provide any evidence that Plaintiff, or other Class members, were provided with sufficient notice of its privacy practices.

*Fifth*, even assuming that JECT is not subject to HIPAA (it is), the crime-tort exception still applies to Plaintiff's claim brought under the ECPA because Defendant violated other laws by disclosing Plaintiff's sensitive and protected information, such as the FTC Act. *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 901-02 (C.D. Cal. May 9, 2024).

*Finally*, the interceptions at issue were made contemporaneously. Plaintiff provides sufficient explanation as to how such interceptions occurred. Complaint ¶¶ 46, 52. Courts routinely find that plaintiffs state a cause of action under the ECPA when protected information is intercepted through these same tracking technologies. *See Cooper*, 2024 WL 3586357, at *7; *Gay*, 2024 WL 4203263, at *4; *Kane*, 2024 WL 1178340, at *7.

In sum, none of Defendant's arguments support dismissal of Plaintiff's claims.

Respectfully,

*/s/ Alec M. Leslie*
Alec M. Leslie